UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM JOE SULLIVAN, et al.,<br><br>Defendants. | Case No. 1:20-cv-01699-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR INJUNCTION[1]<br><br>(Doc. No. 7)<br><br>THIRTY DAY OBJECTION PERIOD |

Before the court is plaintiff's request for injunction filed on January 22, 2021. (Doc. No. 7). Plaintiff seeks a preliminary injunction directing correctional officials to transfer him to a "level 2 prison yard" consistent with "placement score and his current security level." (*Id*. at 5). For the reasons stated below, the undersigned recommends plaintiff's request for injunctive relief be denied.

**I. BACKGROUND & FACTS**

Plaintiff Edward Vincent Ray, Jr. ("plaintiff"), a state prisoner, initiated this action by filing a *pro se*, 42 U.S.C. § 1983 complaint against four correctional officials ("defendants") at California Correctional Institution ("CCI") located in Tehachapi, California on December 3, 2020. (Doc. No. 1). Plaintiff's complaint alleges that his constitutional due process rights were

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

violated when he was transferred to a high security area of CCI in order to facilitate social distancing due to the global COVID-19 pandemic. (*Id.*). Plaintiff complains that his transfer to a higher security level within the prison has resulted in him being held in more restrictive conditions and he seeks a preliminary injunction ordering "he be moved to a level 2 prison yard." (Doc. No. 7 at 5). Plaintiff argues an injunction is necessary because he is confined 23 hours a day in a prison cell with another inmate and "could" contract Covid-19 as a result. (*Id.*).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs preliminary injunctions and limits their issuance to where "notice to the adverse party" has been given. Fed. R. Civ. P. 65(a). Local Rule 231(d) also mandates notice and requires that all preliminary injunction motions include (1) briefing on all legal issues implicated by the motion, (2) affidavits supporting the motion, including affidavits addressing irreparable harm, and (3) a proposed order which includes a provision for a bond.

A preliminary injunction is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A preliminary injunction will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131. A preliminary injunction's purpose is "merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*,

2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

Finally, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

**III.  DISCUSSION**

Having reviewed plaintiff's pleading, the court does not find that plaintiff has satisfied his burden to justify issuing a preliminary injunction. As a threshold matter, plaintiff has not complied with Local 231(d) because he failed to show actual or attempted notice, his motion lacks briefing on the implicated legal issues, lacks any affidavits attesting to imminent irreparable harm, and does not include a proposed order that includes a provision for bond.

Plaintiff's request also fails on the merits. First, plaintiff has not shown he will likely prevail on the underlying action. Plaintiff, citing *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Ingraham v. Wright*, 430 U.S. 651 (1977), argues he was not provided due process and his transfer to a higher security area of CCI "violates clearly established federal law." (Doc. No. 7 at 5). *Wolff* makes clear that "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff*, 418 U.S. at 556. The Ninth Circuit has held prisons enjoy discretion to house inmates in higher security units to "preserve order in the

3

prison and protect the safety of all inmates" even if the inmates being housed there are not accused of misdeeds. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). Plaintiff challenges prison officials' decision to transfer him to promote social distancing and reduce the incidence of Covid-19 amongst its prison population. (Doc. No. 7 at 5). Plaintiff admits that the action he challenges was undertaken by officials to protect inmates' safety. Thus, such action was properly within the discretion of prison officials and falls squarely within *Bruce. See also Ingraham*, 430 U.S. at 672 ("[d]ue process is required only when a decision of the State implicates an interest within the protection of the Fourteenth Amendment."). California prisoners do not have a "protected liberty interest" in being housed in a specific prison unit. *Windham v. California Dep't of Corr.*, 385 F. App'x 657, 658 (9th Cir. 2010). Thus, plaintiff's transfer within CCI does not implicate a protected liberty interest, it appears unlikely that plaintiff will succeed on the merits.

Plaintiff's pleading does not satisfy the other *Winter* factors. While he fears he will catch Covid-19 from his cellmate, plaintiff's concern merely shows the possibility, not the required likelihood, of harm. He further does not demonstrate how being transferred to his previous prison yard will permit greater social distancing. Similarly, plaintiff wholly fails to address whether the balance of equities and the public interest favor granting injunctive relief, especially when they tip in favor of state prison officials.

Accordingly, it is **RECOMMENDED**:

Plaintiff's request for an injunction (Doc. No. 7) be **DENIED**.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 12, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE