UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM JOE SULLIVAN, et al., <br><br> Defendants. | No. 1:20-cv-01699-NONE-HBK <br><br> FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND THE CASE BE DISMISSED WITHOUT PREJUDICE[1] <br><br> OBJECTIONS DUE WITHIN THIRTY DAYS <br><br> (Doc. No. 2) |

Plaintiff Edward Vincent Ray, Jr., a state prisoner, is proceeding *pro se* on his civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff accompanied the filing of his complaint with a motion to proceed *in forma pauperis* ("IFP"). (Doc. No. 2). For the reasons set forth herein, the court recommends plaintiff's motion to proceed IFP under 28 U.S.C. § 1915(g) be denied because plaintiff has had at least three dismissals that constitute strikes and he has not established he meets the imminent danger exception. The court further recommends the case be dismissed without prejudice if plaintiff fails to pay the filing fee before the objection period expires.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1

I. BACKGROUND AND FACTS

Plaintiff is incarcerated at California Correctional Institution (CCI).  His complaint, which names the warden, three correctional officers, and the California Department of Corrections and Rehabilitation (CDCR) as defendants, alleges due process violations and violations of CDCR's regulations stemming from plaintiff's transfer within CCI to a "more restrictive prison setting" so officials could facilitate social distancing amid the ongoing COVID-19 pandemic.  (Doc. No.1 at 8).  Plaintiff states the defendants "overreacted" to COVID-19 and based on "directives" as opposed to "laws" implemented various restrictions and transfers which has resulted in his loss of certain liberties.  (*Id*. at 8-12).  Plaintiff claims the restrictions have caused him mental anguish and loss of sleep, *inter alia*.  (*Id*. at 7).  Plaintiff acknowledges his three-strike status but argues he should be permitted to proceed IFP because he faces imminent danger because the restrictive conditions of his confinement place him in danger of contracting COVID-19, his new housing unit is dirty and cramped, and he has been threatened by "dangerous inmates."  (*Id*. at 4-6).

II. APPLICABLE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)*.* Part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).  Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

To determine whether a dismissal counts as a strike, a reviewing court looks to the

dismissing court's actions and the reasons underlying the dismissal. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the it occurred before plaintiff initiated the instant case. *See* § 1915(g). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal).  When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  A dismissal for failure to state a claim relying on qualified immunity counts as a strike. *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016).

      Although not exhaustive, dismissals that do *not* count as § 1915(g) strikes include: dismissals of habeas corpus petitions, unless the habeas was purposefully mislabeled to avoid the three strikes provision. *See generally El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (dismissals of habeas cases do not count as strikes, noting exception).  A denial or dismissal of writs of mandamus petitions, the *Younger*[2] abstention doctrine, and *Heck v. Humphrey*[3] generally do not count as a strike, but in some instances *Heck* dismissals may count as a strike. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d at 1055-58 (citations omitted) (recognizing some *Heck* dismissals may count as strikes but noting others do not; and reiterating abstention doctrine dismissals and writs of mandamus do not count as strikes).  A dismissal of a claim based on sovereign immunity does not count as a strike. *Hoffman v. Pulido*, 928 F.3d 1147 (9th Cir. 2019). The Ninth Circuit also does not count cases dismissed for lack of jurisdiction as strikes. *Moore v. Maricopa Cty. Sheriff's Off.*, 657 F.3d 890, 894 (9th Cir. 2011).  Finally, the Ninth Circuit has ruled that if one reason supporting a dismissal is not a reason enumerated under

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).
[3] *Heck v. Humphrey*, 512 U.S. 477 (1994).

1 §1915A, then that reason "saves" the dismissal from counting as a strike. *Harris v. Harris*, 935
2 F.3d 670 (9th Cir. 2019).

3     Once prisoner-plaintiffs have accumulated three strikes, they may not proceed without
4 paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoners
5 "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v.*
6 *Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for
7 the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations"
8 liberally to determine whether the allegations of physical injury are plausible. *Williams v.*
9 *Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). However, assertions of imminent danger may be
10 rejected as overly speculative or fanciful. *Andrews*, 493 F. 3d at 1057, fn. 11.

11     III.    ANALYSIS
12         A. Plaintiff Has Three or More Qualifying Strikes

13     Plaintiff is identified as a "three-striker" on the national *Pro Se* Three Strike Database and
14 a review of the Pacer Database reveals plaintiff has filed at least 67 civil actions or appeals in a
15 court of the United States and has been deemed a three-striker under § 1915(g) by a number of
16 courts prior to filing this lawsuit.[4] Although not exhaustive, for purposes of this report and
17 recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes
18 and each were entered before plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
|---|---|---|
| October 25, 2012 | *Ray v. von Geldern*, Case No. 4:12-cv-00315-YGR (N.D. Cal.) | The district court dismissed plaintiff's complaint which alleged his personal property was unlawfully seized during a search warrant. The court concluded plaintiff could not proceed because neither "negligent nor intentional deprivation of property states a claim under § 1983 if the |

---

[4] *See* http://156.128.26.105/LitigantCase.aspx?PersonID=6929 (National Pro Se Database); http://pacer.usci.uscourts.gov.

4

| | | deprivation was, as was alleged here, random and unauthorized." |
|---|---|---|
| February 28, 2013 | *Ray v. von Geldern*, Appeal Case No. 12-17472, (9th Cir.) | The Ninth Circuit dismissed plaintiff's appeal "because we also find the appeal is frivolous." |
| January 2, 2014 | *Ray v. Schoo, et al.*, Case No. 5:10-cv-00942-VAP-PJW (C.D. Cal.) | The district court adopted in full findings and recommendations which determined plaintiff's fifth amended complaint alleging Eighth Amendment claims failed to state a claim upon which relief could be granted. The findings and recommendations explicitly stated the dismissal would count as a "strike" against plaintiff. |
| March 14, 2017 | *Edward Ray, Jr. v. A. Leal, et al*, Appeal Case No. 16-16482, (9th Cir.) | The Ninth Circuit denied plaintiff's appeal finding it "frivolous." |

This court has previously denied plaintiff's motion to proceed IFP in other matters because of his three-striker status. *See, e.g*, Case No. 1:20-cv-01515-AWI-GSA at Doc. No. 12; Case No. 1:19-cv-01561-AWI-SKO at Doc. No. 6. Indeed, plaintiff acknowledges his own three strike status. (Doc. No. 1 at 4). Thus, it is unquestionable that plaintiff has three or more qualifying strikes for purposes of § 1915(g).

### B. The Imminent Danger Exception Does Not Apply

Because plaintiff has three or more qualifying cases, the undersigned next considers whether the allegations in plaintiff's complaint plausibly states facts to fall within the imminent danger exception. Plaintiff generally alleges he is in imminent danger of contracting Covid-19 because he interacts with people not wearing proper personal protective equipment and because his cellmate has a compromised immune system. (Doc. No. 1 at 4). When prisons are making reasonable efforts to combat Covid-19 it suggests an inmate is not in imminent danger of contracting it. *Anderson v. Doe*, 2020 WL 7651978, at *2 (E.D. Cal. Nov. 19, 2020), report and

5

recommendation adopted, 2020 WL 7383644 (E.D. Cal. Dec. 16, 2020), reconsideration denied, 2021 WL 22416 (E.D. Cal. Jan. 4, 2021).  Here, the complaint alleges plaintiff was transferred within CCI so officials could facilitate social distancing.  (Doc. No. 1 at 8).  In fact, plaintiff criticizes these measures as an overreaction because they were undertaken when CCI had zero confirmed Covid-19 cases.  (*Id.*).  But this suggests CCI was proactive in undertaking steps to minimize inmates' risk of contracting Covid-19.  And while plaintiff expresses a generalized fear to catching Covid-19, he nonetheless acknowledges he is "not at high risk" of catching it.  (Doc. No. 1 at 9).  Plaintiff also fails to explain how a transfer to a lower security section of CCI will lessen his chances of contracting Covid-19 or describe what personal protective equipment he or others lack.  Plaintiff's conclusory concerns about contracting Covid-19 do not amount to a plausible allegation of imminent danger.

Plaintiff next claims he is in imminent danger because CCI's water contains lead and bacteria and his cell is dusty.  (Doc. No. 1 at 4.)  In a separate lawsuit filed more than a year prior to the instant action, plaintiff raised the same concerns about the water being contaminated.  *Ray v. Ribera*, 2019 WL 5887193, at *1 (E.D. Cal. Nov. 12, 2019), report and recommendation adopted, 2019 WL 6840153 (E.D. Cal. Dec. 16, 2019).  The court determined those claims did not rise to imminent danger because plaintiff "provided no basis" that the water was contaminated and that any risk it posed was speculative, not imminent.  (*Id.*).  That plaintiff again raises these allegations suggest that the alleged harm is unrelated to his transfer within CCI.  And while plaintiff attributes a cough and sore throat to the dust and water, he provides no medical basis that his generic symptoms are related to these conditions.  Nor does plaintiff allege that he sought medical care for his symptoms and was being denied medical care.

Plaintiff also claims he is in imminent danger because he has been "threatened" by CCI staff and by fellow inmates due to the facts that he now is being housing with higher level security inmates.  (Doc. No. 1 at 5-6).  Plaintiff alleges an inmate made a veiled threat that he would be beat up if he "snitched" on fellow inmates, and that he has been threatened with needles supposedly containing hepatitis and AIDS.  (Doc. No. 1 at 5).  The only remark he attributes to CCI staff is that he was told inmates like him are "crybabies" for "always filing grievances."

(*Id.*). Even if true, it is difficult to construe this statement as threatening, let alone portending imminent danger. The other comments purportedly made by unidentified fellow inmates also do not demonstrate imminent danger. Allegations that are "[o]verly speculative and fanciful … do not plausibly show imminent danger." *Stine v. Fed. Bureau of Prisons,* 2015 WL 5255377, at *6 (E.D. Cal. Sept. 9, 2015). Vague "verbal threats of physical harm to [ ] health and safety" are insufficient "to demonstrate imminent danger of serious physical injury." *Cruz v. Pfeiffer*, 2021 WL 289408, at *2 (E.D. Cal. Jan. 28, 2021). Plaintiff does not identify which inmate made the alleged threats or that he reported the threat to correctional officials, and they refused to take any action. While a plaintiff "need not wait" until the event of which he alleges occurs, *see e.g. Helling v. McKinney*, 509 U.S. 25, 33-34 (1993), he must provide some factual specificity to support his allegations. Accordingly, without any factual basis these threats are too speculative and vague to demonstrate *imminent* danger. Based on the foregoing, the undersigned finds no plausible allegations that plaintiff is in imminent danger to avail himself of the imminent danger exception to the three-strike bar.

### C. Plaintiff Must Pay the Filing Fee During Objection Period or Face Dismissal

The undersigned further recommends that if plaintiff does not pay the full filing fee during the thirty-day period for filing his objections, that the district court dismiss the case, without prejudice upon its adoption of the Findings and Recommendation. Considering the Amended Standing Order in Light of Judicial Emergency in the Eastern District of California, this court has an enormous backlog of civil cases and need not permit a litigant all too familiar with the Three Strikes Rule to repeatedly file cases that are frivolous, malicious, or fail to a state claim, and are precisely those cases the Prison Litigation Reform Act was enacted to curtail. *See also Blackwell v. Jenkins*, Case No. 2021 WL 825747, Case no. 2:19-cv-442-TLN-DB (E.D. Ca. March 4 ,2021) (recommending denial of *ifp* motion and dismissal without prejudice, unless prisoner-plaintiff pays the full filing fee by the deadline for filing objections to the findings and recommendations); *see also Dupree v. Gamboa*, Case No. 1:19-cv-953-LJO-GSA, 2019 WL (E.D. Cal. 2019) (denying *in forma pauperis* motion and dismissing case without waiting thirty days to permit plaintiff additional time to pay the filing fee). Providing plaintiff with thirty days, as opposed to

the statutory fourteen-day period, to both object and pay the filing fee, provides plaintiff as a *pro se* prisoner litigant sufficient notice and an opportunity to prosecute this action while simultaneously enabling the court an ability to more efficiently manage its overburdened docket.

Accordingly, it is **RECOMMENDED**:

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) be denied under 28 U.S.C. § 1915(g) and, if plaintiff does not pay the full filing fee by the thirty-day (30) objection deadline, that the case be dismissed without prejudice.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     April 27, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

8