1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD VINCENT RAY, JR.,                    No. 1:20-cv-01699-NONE-HBK

12                   Plaintiff,                   FINDINGS AND RECOMMENDATIONS TO
                                                  DENY PLAINTIFF'S MOTION TO PROCEED
13           v.                                   *IN FORMA PAUPERIS* AND THE CASE BE
                                                  DISMISSED WITHOUT PREJUDICE[1]
14   WILLIAM JOE SULLIVAN, et al.,
                                                  OBJECTIONS DUE WITHIN TWENTY-ONE
15                   Defendants.                  DAYS

16                                                (Doc. No. 2)

17

18           Plaintiff Edward Vincent Ray, Jr., a state prisoner, is proceeding *pro se* on his civil rights

19   complaint filed pursuant to 42 U.S.C. § 1983 on December 3, 2020.  (Doc. No. 1).  Plaintiff

20   accompanied the filing of his complaint with a motion to proceed *in forma pauperis* ("IFP").

21   (Doc. No. 2).  For the reasons set forth herein, the court recommends Plaintiff's motion to

22   proceed IFP under 28 U.S.C. § 1915(g) be denied because Plaintiff has had at least three

23   dismissals that constitute strikes and he has not established he meets the imminent danger

24   exception.  The court further recommends the case be dismissed without prejudice if Plaintiff fails

25   to pay the filing fee before the objection period expires.

26

27   _____
     [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal.
28   2019).

                                                      1

1    I.    BACKGROUND AND FACTS

2        Plaintiff is incarcerated at California Correctional Institution (CCI).  His complaint, which

3    names the warden, three correctional officers, and the California Department of Corrections and

4    Rehabilitation (CDCR) as defendants, alleges due process violations and violations of CDCR's

5    regulations stemming from Plaintiff's transfer within CCI to a "more restrictive prison setting" so

6    officials could facilitate social distancing amid the ongoing COVID-19 pandemic.  (Doc. No. 1 at

7    8).  Plaintiff states the defendants "overreacted" to COVID-19 and followed "directives" rather

8    than "laws" when implementing various restrictions within the prison.  (*Id*. at 8-12).  Plaintiff

9    claims those restrictions have caused him mental anguish and loss of sleep, *inter alia*.  (*Id*. at 7).

10   Plaintiff acknowledges his three-strike status but argues he should be permitted to proceed IFP

11   because he faces imminent danger because the restrictive conditions of his confinement place him

12   in danger of contracting COVID-19, his new housing unit is dirty and cramped, and he has been

13   threatened by "dangerous inmates."  (*Id*. at 4-6).

14       II.    APPLICABLE LAW

15       The "Three Strikes Rule" states:

16           In no event shall a prisoner bring a civil action or proceeding under
             this section if the prisoner has, on 3 or more prior occasions, while
17           incarcerated or detained in any facility, brought an action or appeal
             in the United States that was dismissed on grounds that it was
18           frivolous, malicious, or fails to state a claim upon which relief may
             be granted, unless the prisoner is under imminent danger of serious
19           physical injury.

20   28 U.S.C. § 1915(g).  Part of the Prison Litigation Reform Act, the Three Strikes Rule was

21   enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez,* 140 S. Ct.

22   1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought

23   unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment

24   plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious,

25   or for failure to state a claim.  *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir.

26   2007).  Regardless of whether the dismissal was with or without prejudice, a dismissal for failure

27   to state a claim counts as a strike under § 1915(g).  *Lomax,* 140 S. Ct. at 1727.

28       To determine whether a dismissal counts as a strike, a reviewing court looks to the

dismissing court's actions and the reasons underlying the dismissal. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the it occurred before Plaintiff initiated the instant case. *See* § 1915(g). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). , A complaint is "dismissed" for purposes of §1915(g) when a district court disposes of an *in forma pauperis* complaint requiring the full filing fee. *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). A dismissal for failure to state a claim relying on qualified immunity counts as a strike. *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016).

Although not exhaustive, dismissals that do *not* count as § 1915(g) strikes include: dismissals of habeas corpus petitions, unless the habeas was purposefully mislabeled to avoid the three strikes provision. *See generally El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (dismissals of habeas cases do not count as strikes, noting exception). A denial or dismissal of writs of mandamus petitions, the *Younger*[2] abstention doctrine, and *Heck v. Humphrey*[3] generally do not count as a strike, but in some instances *Heck* dismissals may count as a strike. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d at 1055-58 (citations omitted) (recognizing some *Heck* dismissals may count as strikes but noting others do not; and reiterating abstention doctrine dismissals and writs of mandamus do not count as strikes). A dismissal of a claim based on sovereign immunity does not count as a strike. *Hoffman v. Pulido*, 928 F.3d 1147 (9th Cir. 2019). The Ninth Circuit also does not count cases dismissed for lack of jurisdiction as strikes. *Moore v. Maricopa Cty. Sheriff's Off.*, 657 F.3d 890, 894 (9th Cir. 2011). Finally, the Ninth Circuit has ruled that if one reason supporting a dismissal is not a reason enumerated under

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).
[3] *Heck v. Humphrey*, 512 U.S. 477 (1994).

§1915A, then that reason "saves" the dismissal from counting as a strike. *Harris v. Harris*, 935 F.3d 670 (9th Cir. 2019).

Once prisoner-plaintiffs have accumulated three strikes, they may not proceed without paying the full filing fee unless "the complaint makes a plausible allegation" that the prisoners "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). However, assertions of imminent danger may be rejected as overly speculative or fanciful. *Andrews*, 493 F. 3d at 1057, fn. 11.

III.   ANALYSIS

A.  Plaintiff Has Three or More Qualifying Strikes

Plaintiff is identified as a "three-striker" on the national *Pro Se* Three Strike Database and a review of the Pacer Database reveals Plaintiff has filed at least 90 civil actions or appeals in a court of the United States and has been deemed a three-striker under § 1915(g) by a number of courts prior to filing this lawsuit.[4]  Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes and each were entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
|---|---|---|
| January 2, 2014 | *Ray v. Schoo, et al.*, Case No. 5:10-cv-00942-VAP-PJW (C.D. Cal.) | The district court adopted in full findings and recommendations which determined Plaintiff's fifth amended complaint alleging Eighth Amendment claims failed to state a claim upon which relief could be granted. The findings and recommendations explicitly |

---

[4] *See* http://156.128.26.105/LitigantCase.aspx?PersonID=6929 (National Pro Se Database); http://pacer.usci.uscourts.gov.

4

| | | stated the dismissal would count as a "strike" against Plaintiff. |
|---|---|---|
| December 13, 2014 | *Edward Ray, Jr. v. Kristen Carter, et al*, Appeal Case No. 14-17369, (9th Cir.) | The Ninth Circuit found that Plaintiff's appeal was "frivolous." |
| January 17, 2017 | *Ray v. Rogers*, Case. No. 5:16-cv-05483-EJD (N.D. Cal.) | The district court dismissed Plaintiff's case "for failure to state a claim upon which relief may be granted." |
| March 14, 2017 | *Edward Ray, Jr. v. A. Leal, et al*, Appeal Case No. 16-16482, (9th Cir.) | The Ninth Circuit denied Plaintiff's appeal because it was "frivolous." |
| April 27, 2017 | *Ray v. Jefferson et. al*, 4:16-cv-02652-YGR (N.D. Cal.) | The district court dismissed Plaintiff's case for failure to state "cognizable" claims. |
| June 14, 2017 | *Edward Ray, Jr. v. Caesar Basa*, Appeal Case No. 16-17290, (9th Cir.) | The Ninth Circuit dismissed Plaintiff's "appeal as frivolous." |

This court has previously denied Plaintiff's motion to proceed IFP in other matters because of his three-striker status. *See, e.g*, Case No. 1:20-cv-01515-AWI-GSA at Doc. No. 12; Case No. 1:19-cv-01561-AWI-SKO at Doc. No. 6. Indeed, Plaintiff acknowledges his own three strike status. (Doc. No. 1 at 4). It is therefore unquestionable that Plaintiff has three or more qualifying strikes for purposes of § 1915(g).

### B. The Imminent Danger Exception Does Not Apply

Because Plaintiff has three or more qualifying cases, the undersigned next considers whether the allegations in Plaintiff's complaint plausibly states facts to fall within the imminent danger exception. Plaintiff generally alleges he is in imminent danger of contracting COVID-19 because he interacts with people not wearing proper personal protective equipment and because his cellmate has a compromised immune system. (Doc. No. 1 at 4). When prisons are making reasonable efforts to combat COVID-19 it suggests an inmate is not in imminent danger of contracting it. *Anderson v. Doe*, 2020 WL 7651978, at *2 (E.D. Cal. Nov. 19, 2020), report and recommendation adopted, 2020 WL 7383644 (E.D. Cal. Dec. 16, 2020), reconsideration denied,

2021 WL 22416 (E.D. Cal. Jan. 4, 2021).  Here, the complaint alleges Plaintiff was transferred within CCI so officials could facilitate social distancing.  (Doc. No. 1 at 8).  This suggests CCI was proactive in undertaking steps to minimize inmates' risk of contracting COVID-19.  And while Plaintiff expresses a generalized fear of contracting COVID-19, he nonetheless acknowledges he is "not at high risk" of catching it.  (Doc. No. 1 at 9).  Plaintiff also fails to explain how a transfer to a lower security section of CCI will lessen his chances of contracting COVID-19 or describe what personal protective equipment he or others lack.  Plaintiff's conclusory concerns about contracting COVID-19 do not amount to a plausible allegation of imminent danger.

Plaintiff next claims he is in imminent danger because CCI's water contains lead and bacteria and his cell is dusty.  (Doc. No. 1 at 4).  In a separate lawsuit filed more than a year prior to the instant action, plaintiff raised the same concerns about the water being contaminated.  *Ray v. Ribera*, 2019 WL 5887193, at *1 (E.D. Cal. Nov. 12, 2019), report and recommendation adopted, 2019 WL 6840153 (E.D. Cal. Dec. 16, 2019).  The court determined those claims did not rise to imminent danger because Plaintiff "provided no basis" that the water was contaminated and that any risk it posed was speculative, not imminent.  (*Id.*).  That Plaintiff again raises these allegations suggest that the alleged harm is unrelated to his transfer within CCI.  And while Plaintiff attributes a cough and sore throat to the dust and water, he provides no medical basis that his generic symptoms are related to these conditions.  Nor does Plaintiff allege that he sought medical care for his symptoms and was being denied medical care.

Plaintiff also claims he is in imminent danger because he has been "threatened" by CCI staff and by fellow inmates due to the facts that he now is being housing with higher level security inmates.  (Doc. No. 1 at 5-6).  Plaintiff alleges an inmate made a veiled threat that he would be beat up if he "snitched" on fellow inmates, and that he has been threatened with needles supposedly containing hepatitis and AIDS.  (Doc. No. 1 at 5).  The only remark he attributes to CCI staff is that he was told inmates like him are "crybabies" for "always filing grievances."  (*Id.*).  Even if true, it is difficult to construe this statement as threatening, let alone portending imminent danger.  The other comments purportedly made by unidentified fellow inmates also do

not demonstrate imminent danger. Allegations that are "[o]verly speculative and fanciful … do not plausibly show imminent danger." *Stine v. Fed. Bureau of Prisons,* 2015 WL 5255377, at *6 (E.D. Cal. Sept. 9, 2015). Vague "verbal threats of physical harm to [ ] health and safety" are insufficient "to demonstrate imminent danger of serious physical injury." *Cruz v. Pfeiffer*, 2021 WL 289408, at *2 (E.D. Cal. Jan. 28, 2021). Plaintiff does not identify which inmate made the alleged threats or that he reported the threat to correctional officials and they refused to take any action. While a Plaintiff "need not wait" until the event of which he alleges occurs, *see e.g. Helling v. McKinney*, 509 U.S. 25, 33-34 (1993), he must provide some factual specificity to support his allegations. Accordingly, without any factual basis these threats are too speculative and vague to demonstrate *imminent* danger. Based on the foregoing, the undersigned finds no plausible allegations that Plaintiff is in imminent danger to avail himself of the imminent danger exception to the three-strike bar.

Accordingly, it is **RECOMMENDED**:

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) be denied under 28 U.S.C. § 1915(g) and he be required to pay the filing fee within twenty-one days or the complaint be dismissed without prejudice.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

///

///

1    IT IS SO ORDERED.

2

3    Dated:    June 2, 2021

     HELENA M. BARCH-KUCHTA
4    UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28